UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| Karly Blanks,<br><br>               Plaintiff,<br>v.<br><br>Edmonds & Logue PC, and<br>CollectionCenter Inc.,<br><br>               Defendants. | **Court File No.: 21-cv-27**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I.

### INTRODUCTION

1. This is an action for damages, brought by Karly Blanks ("Plaintiff") because of Defendants Edmonds & Logue PC ("Defendant Edmonds") and Collection Center Inc. ("Defendant CCI") violations of Plaintiff's rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

## II.

### JURISDICTION

2. Jurisdiction of this court arises under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Commerce), 15 U.S.C. §1692k (FDCPA) and 15 U.S.C. § 1681(p) ("FCRA").

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the

conduct at issue occurred in this District, the Plaintiff resides in this District, and Defendants conduct business in this District.

## III.

## PARTIES

4. Plaintiff is an individual consumer currently residing in Colorado Springs, County El Paso, Colorado. Plaintiff was and is a "person" as defined under 15 U.S.C. § 1681a(b), and is protected by and entitled to enforce the remedies of the FCRA and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is protected by and entitled to enforce the remedies of the FDCPA.

5. Defendant Edmonds is a law firm is licensed to do business in the State of Colorado and has a principal place of business located at 6835 Sherman Street, Loveland, Colorado 80538. Defendant Edmonds regularly engages in the collection of consumer debts in the District of Colorado. Defendant Edmonds regularly attempts to collect consumer debts alleged to be due another. Defendant Edmonds is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Defendant CCI, a collection agency headquartered in Wyoming at an address of 406 6th Street, Rawlins, Wyoming 82301. Defendant CCI is a "person" as defined in 15 U.S.C. § 1681(a)(b); and is a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b); and is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.

## FACTUAL ALLEGATIONS

7. Sometime in or about 2019 Plaintiff had surgery at UC Health.

8. As a result of the medical services provided Plaintiff incurred a "debt" with UC Health as that term is defined at 15 U.S.C. §1692a(5).

9. Plaintiff contracted with UC Health to pay for her outstanding debt via an automatic monthly payment.

10. Several payments were made by Plaintiff to UC Health collection agent Defendant CCI for the medical debt via automatic monthly payments.

11. Unbeknownst to Plaintiff the debt card Plaintiff used to make the monthly payment with had expired.

12. Plaintiff never received notice from UC Health or Defendant CCI by mail nor did she receive any telephone notification from UC Health that her payments were not going through.

13. As a result, the UC Health debt was transferred, assigned or sold to Defendant CCI for collection.

14. On or about August 20, 2020, Plaintiff received a Summons and Complaint from Defendants related to a collection action initiated in El Paso County, Colorado.

15. The Complaint asserted a balance owed of $912.00 as described in an attached Exhibit A.

16. Included in the Summons and Complaint was notice of a court/hearing set for

October 8, 2020 at 2:00PM.

17. The collection complaint was dated August 8, 2020 and signed by attorney Jeffery M. Logue, a member of Defendant Edmonds law firm.

18. Plaintiff was sent a Notice of Return Date by the El Paso County Court on August 20, 2020 at the instruction of Defendants changing the time of the hearing to 1:30PM.

19. Included in the Notice of Return Date was the Court file number "20C36889."

20. Plaintiff called Defendant CCI on August 27, 2020 and spoke with Defendant CCI's agent, Michelle, who stated that the full balance due was $1,003.18. Plaintiff was unable to make the payment over the telephone, so she mailed her check (#224) to Defendant CCI in the amount of $1,003.18 to Defendant CCI's Colorado address (5819 Lockhead Ave., Loveland, CO 80538).

21. Defendant CCI cashed Plaintiff's check on or about September 4, 2020.

22. Plaintiff checked her account with UC Health and received a receipt that stated Plaintiff had a zero balance.

23. On or about September 4, 2020, Plaintiff checked her credit report and Defendant CCI was still reporting the debt on her profile as due and owing.

24. On or about September 10, 2020, Plaintiff contacted the El Paso County Court to make sure the case 20C36965 was dismissed.

25. The El Paso County Court confirmed the collection action case was not dismissed and the hearing set for October 8, 2020 was still on the docket.

26. Plaintiff immediately made a telephone call to Defendant CCI and again spoke with Defendant CCI's agent, Michelle, who stated that Plaintiff's account still had a balance of $330.00.

27. Plaintiff disputed the amount with Defendant CCI's agent and was transferred to Defendant CCI's supervisor, Nicole (970-699-7048), who stated that if Defendant CCI's agent, Michelle, had quoted Plaintiff the full amount as $1003.18 then the amount would be honored.

28. Defendant CCI's agent, Nicole, called Plaintiff (call back reference number 669884), and told her that she (Nicole) had reviewed the audio recording of the call Plaintiff had with Defendant CCI's agent, Michelle, and verified that the total amount that the agent quoted Plaintiff was in total $1,003.18.

29. Defendant CCI's agent, Nicole, stated that Plaintiff would receive an email confirmation that the debt was resolved.

30. Plaintiff has yet to receive this promised email.

31. Then on September 14, 2020, Plaintiff received a collection call from Defendant CCI's agent, Michelle, indicating that Plaintiff still had a remaining balance on the account.

32. Plaintiff immediately disputed the information and reiterate her conversation with Defendant CCI's agent, Nicole.

33. Plaintiff then called Defendant CCI's agent, Nicole, and left a voicemail message requesting an immediate call back.

34. Plaintiff contacted the County Court and was told that the case had not been dismissed and the hearing was still on for October 8, 2020.

35. Defendant Edmonds failure to dismiss the case with the Court was in violation of 15 U.S.C. §1692f and §1692d.

36. On October 8, 2020, Plaintiff missed a day of work (costing her $250.00) as she had to appear at the El Paso County Courthouse in Colorado Springs, Colorado.

37. At the 1:30PM hearing the Judge told Plaintiff that the case number provided by Defendant in the Notice of Return Date of 20C36889 did not exist in the El Paso County Court system.

38. Plaintiff went on to explain to the Judge the situation with the account with Defendants and that she was told that the account was paid in full.

39. The Judge told Plaintiff to file her answer and send a copy to Defendants.

40. On October 8, 2020, Plaintiff paid $80.00 and filed her Answer to the Summons and Complaint disputing that any balance was due and owing.

41. Plaintiff's Answer was filed stamped by the El Paso County Court clerk and assigned case # 20C36965 on October 8, 2020.

42. Plaintiff's Answer was sent to Defendant Edmonds via certified mail that cost Plaintiff an additional $11.30.

43. After the October 8, 2020 hearing in El Paso County Court Plaintiff checked her credit profile and saw that Defendant CCI was still reporting the account with a balance.

44. On or about October 23, 2020, Plaintiff sent a letter to the national credit reporting agencies of Equifax Information Services LLC ("Equifax"), Trans Union LLC ("Trans Union"), and Experian Information Solutions Inc. ("Experian"), disputing inaccurate information in her credit report, specifically the account balance and the statement that the account was "Settled-Less Than Full BLNC," currently being reported by Defendant CCI.

45. The credit reporting agencies sent the dispute to Defendant CCI, instructing them to: review all information provided by the credit reporting company; verify the accuracy of the information; provide a response to the dispute; and update their records and systems, as necessary.

46. Despite Plaintiff's attempts at urging Defendant CCI to remove the inaccurate statement that the account had been paid / settled for less than the full balance it continued to report to Trans Union that Plaintiff had settled her account for less than the full balance causing Plaintiff credit issues.

47. Defendant CCI violated 15 U.S.C. § 1681s-2(b) when it failed to conduct a reasonable investigation into Plaintiff's dispute and by failing to review all relevant information available to it and documentation provided by Plaintiff, and failing to update and/or remove the inaccurate account status and balance or, in the alternative, to report the account as "disputed" by changing the Metro II CCC (Compliance Condition Codes) Code to "XB."

48. Defendants eventually move to dismiss the bogus collection action in El Paso County Court after it received Plaintiff's answer.

49. However, Defendants sought dismissal of the collection action against Plaintiff without prejudice despite knowing that there is nothing further owed by Plaintiff.

50. Defendant's failure to dismiss the El Paso County Court collection action with prejudice has caused Plaintiff fear and anxiety that Defendants may attempt to collect this same debt from Plaintiff in the future.

51. Defendants illegal collection conduct has caused Plaintiff to suffer out of pocket loss and emotional distress damages in excess of $5000.

52. As a result of Defendants' aforementioned violations, Plaintiff has suffered damaged to her credit profile/score, reduced credit opportunity, emotional distress, embarrassment, frustration, and anxiety constituting actual damages pursuant to 15 U.S.C. § 1681o(a)(1), § 1681n and § 1692k.

53. Plaintiff is entitled to attorney's fees and costs from Defendants pursuant to 15 U.S.C. § 1681o(a)(2), § 1681n and § 1692k.

## VII.

## CAUSES OF ACTION

## COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq*. – AGAINST DEFENDANT CCI

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Defendant CCI violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it and documentation provided by Plaintiff, and failing to update and/or remove the inaccurate account status and balance or, in the alternative, to report the account as "disputed" by changing the Metro II CCC (Compliance Condition Codes) Code to "XB."

42. As a result of Defendant CCI's violations of the FCRA, Plaintiff has suffered actual damages not limited to out-of-pocket expenses, detriment to her credit rating, emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

43. Defendant CCI's conduct, actions, and inactions were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

44. Alternatively, Defendant CCI's violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover actual damages, statutory and punitive damages, and costs and attorney's fees from Defendant CCI in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT II.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C § 1692 *et seq.* – AGAINST BOTH DEFENDANTS

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Defendants Edmonds and CCI violated 15 U.S.C. § 1692d because it harassed the Plaintiff by failing to dismiss the El Paso County Court collection case against Plaintiff with prejudice before she had to appear at the hearing, file and Answer and by willfully attempting to collect a debt it knew was paid in full.

48. Defendants violated 15 U.S.C. §1692f by using unfair means to collection the already paid medical debt from Plaintiff.

49. Defendant Edmonds violated 15 U.S.C. §1692e when it misrepresented to Plaintiff that there was a Court file number assigned to Plaintiff's case.

50. Defendant CCI violated 15 U.S.C. §1692e when it misrepresented that Plaintiff's debt was settled for less than the full balance.

51. Pursuant to 15 U.S.C. § 1692k(a), Plaintiff is entitled to recover from Defendants actual damages, including but not limited to out-of-pocket damages, mental anguish and emotional distress, statutory damages of $1,000.00, costs, and reasonable attorney's fees.

## **TRIAL BY JURY**

52. Plaintiff is entitled to, and hereby demands, a trial by jury.  US Const. amend. VII; Fed. R. Civ. P. 38.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- actual, statutory and punitive damages, and costs and attorneys' fees for Defendant CCI's violations of the FCRA, pursuant to 15 U.S.C §§ 1681n and 1681o, in an amount to be determined at trial;
- actual and statutory damages plus attorney fees and costs for Defendants Edmonds and CCI's violations of the FDCPA pursuant to 15 U.S.C. § 1692k; and
- for such other and further relief as the Court may deem just and proper.

Dated this 6th day of January, 2021.

Respectfully submitted,

By: *s/Thomas J. Lyons Jr.*

Thomas J. Lyons Jr., Esq.
MN Attorney I.D. #: 0249646
CONSUMER JUSTICE CENTER P.A.
367 Commerce Court
Vadnais Heights, MN  55127
Telephone: 651-770-9707
Facsimile:  651-704-0907
tommy@consumerjusticecenter.com

***ATTORNEY FOR PLAINTIFF***

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Karly Blanks, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated:  Jan. 6, 2021                    s/Karly Blanks
                                        Karly Blanks
                                        2865 Warrenton Way
                                        Colorado Springs, CO  80922